## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MEAGHAN DOHERTY** | * | **CIVIL ACTION NO.** 19_11790 |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **NATIONAL BOARD OF** | * | **MAGISTRATE:** SECT. T MAG 5 |
| **MEDICAL EXAMINERS** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S MEMORANDUM IN SUPPORT
### OF MOTION TO FILE DOCUMENTS UNDER SEAL

Plaintiff, Meaghan Doherty, moved to file the following documents related to her

Complaint and Application  for a Temporary Restraining Order/Preliminary Injunction:

1. **Plaintiff's Application for Temporary Restraining Order with equitable relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue and Exhibits.**

2. **Memorandum in Support of Plaintiff's Application for Temporary Restraining Order with equitable relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue**

3. **Proposed Order for Temporary Restraining Order**

4. **Any medical records of plaintiff.**

5. **Any pleading filed by defendant which references plaintiff's disabilities or medical history or diagnoses.**

Plaintiff is entitled to have these pleadings and documents sealed because these

documents include confidential private medical records, medical diagnoses, and references to

disabilities as defined by the Americans with Disabilities Act ("ADA") and information

protected as confidential by HIPPA and the ADA.

1

The Courts have often been called upon to seal private, confidential medical records. In Williams v. Luminator Holdings, LP, 2012 U.S. Dist. LEXIS 166220, 2012 WL 5878370 (N.D. Tex. 11/21/2012, the Court granted plaintiff's motion to seal all of her medical records and any pleadings that contained discussion of her medical history as these documents are confidential under the FMLA and the ADA. The public's access to court records is not absolute and district courts have the discretion to seal documents if the interest favoring nondisclosure outweighs the public's right of access. SEC v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993). The courts have routinely found medical records to be justifiably sealed. Abbey v. Hawaii Employers Mut. Ins. Co., 760 F.Supp. 2d 1005 (D. Haw. 2010, on reconsideration in part (Feb. 7, 2011) (finding that protection medical privacy satisfied the "compelling" reason standard governing motions to seal in the Ninth Circuit.). In Hardaway v. D.C. Housing Authority, 843 F.3d 973 (D.C. Cir. 12/16/2017), the D.C. Court of Appeals reversed the district court's refusal to seal the plaintiff's medical records and documents and pleadings that describe the plaintiff's disability. The Court noted that the plaintiff "possesses a strong interest in keeping the details of her disability confidential. Id. at 980. In SEC v. Van Waeyenberghe, 990 F.2d 845 (5th Cir. 1993), the Fifth Circuit explained the analysis a Court must undergo in deciding a Motion to Seal as follows:

> Courts have recognized that the public has a common law right to inspect and copy judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978); Belo Broadcasting Corp. v. Clark, 654 F.2d 423, 429 (5th Cir.1981). However, the public's common law right is not absolute. Nixon, 435 U.S. at 598, 98 S. Ct. at 1312; see Belo, 654 F.2d at 430. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon, 435 U.S. at 598, 98 S. Ct. at 1312. Thus, the common law merely establishes a presumption of public access to judicial records. [4] Littlejohn v. BIC Corp.,

---

[4] While other circuits have held that there is a strong presumption in favor of the public's common

*851 F.2d 673, 678 (3d Cir.1988).* Although the common law right of access to judicial records is not absolute, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain, 808 F.2d 395, 399 (5th Cir.1987).*

In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon, 435 U.S. at 599, 602, 98 S. Ct. at 1312-14* (court must consider **[**7]** "relevant facts and circumstances of the particular case"); *Belo, 654 F.2d at 434*; *see also Bank of America Nat'l Trust v. Hotel Rittenhouse, 800 F.2d 339, 344 (3d Cir.1986)* (court had duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick, 696 F.2d 796, 803 (11th Cir.1983)* ("The historic presumption of access to judicial records must be considered in the balance of competing interests." (citing *Belo* )).

In the present case, there are strong privacy concerns that warrant sealing the documents. The goals of the ADA would be entirely frustrated if Plaintiff's medical history, diagnoses and disabilities are fully viewable in an open public court record.

## CONCLUSION

Plaintiff is entitled to an order sealing all of her medical records and any pleadings that contain references to her medical history, medical records, and her disabilities.   The order should state that all such documents shall be maintained under seal permanently, unless the seal is released pursuant to a court order after a contradictory hearing.

(SIGNATURES ON NEXT PAGE)

---

law right of access to judicial records, *see, e.g., EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir.1990)*; *Bank of America Nat'l Trust v. Hotel Rittenhouse, 800 F.2d 339, 344 (3d Cir.1986)*, we have refused to assign a particular weight to the right. *See Belo, 654 F.2d at 434* ("The presumption--however gauged--in favor of public access to judicial records--[is] *one* of the interests to be weighed.").

Respectfully submitted,

_____
WILLIAM MARTIN MCGOEY, Esq., LSBA #14205
1828 Rose Street
Arabi, Louisiana 70032
Telephone: 504-250-3293
bmcgolaw@yahoo.com

FRANCES M. OLIVIER, ESQ. LSBA No. 17895
2341 Metairie Road
Metairie, Louisiana 70001
Telephone: 504-483-6334; Fax: 504-483-6344
folivier@olivierlawfim.com

Attorneys for Plaintiff Meaghan Doherty

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been forwarded to all parties of record via the Electronic E-mail, U.S. Mail, and or/or the Court's ECF system when not under protective seal, on July 22, 2019.

_____
WILLIAM M. MCGOEY

4