UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MEAGHAN DOHERTY** | * | **CIVIL ACTION NO. 19-11790** |
| | * | |
| **VERSUS** | * | **JUDGE: T (Guidry)** |
| | * | |
| **NATIONAL BOARD OF** | * | **MAGISTRATE: 5 (North)** |
| **MEDICAL EXAMINERS** | * | |

* * * * * * * * * * * * * * * * *

UNDER SEAL

MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

**ISSUE PRESENTED**

This Court granted a preliminary injunction on August 5, 2019 ordering defendant, the National Board of Medical Examiners ("NBME") to provide plaintiff, Meaghan Doherty the reasonable accommodation of additional time under the Americans with Disabilities Act ("ADA") for the NBME Step 2 medical licensing test. What is the proper amount of attorney's fees to award to plaintiff as a prevailing party?

**ARGUMENT**

The ADA allows "the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses and costs. 42 USC 12205 provides in pertinent part:

> In any action… commenced pursuant to this chapter, the court or agency in its discretion may allow a prevailing party other than the United States a reasonable attorney's fee, including litigation expenses, and costs… .

See also *Smith v. Bd. Of Comm'rs of the La. Stadium & Exposition Dist.*, 2019. U.S. Dist. LEXIS 81020, (U.S. E.D. LA 5/14/2019). [Court held that plaintiff who obtained

1

injunctive relief under the ADA was entitled to attorney's fees as a prevailing party.] The United States Supreme Court has long held that when a plaintiff succeeds in a civil rights action the plaintiff " serves as a private attorney general, vindicating a policy that Congress considered of the highest priority." *Fox v. Vice*, 563 U.S. 826, 833 (2011). Plaintiffs who prevail should be awarded attorney's fees unless special circumstances render such an award unjust. *Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002) citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). See also *EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1153 (5th Cir. 1995).

Successfully obtaining a temporary restraining order or a preliminary injunction makes a plaintiff a prevailing party and entitled to attorney's fees. *Sinapi v. Rhode Island Board of Bar Examiners*, 2016 WL 4014587 (D.R.I. 2016). In *Sinapi,* the Court awarded attorney's fees to a plaintiff who successfully obtained a TRO ordering the Bar Examiners to grant the plaintiff the testing accommodation of additional time under the ADA. The Court explained that when "this Court granted the TRO, it resolved the crux of Mr. Sinapi's dispute with the Board, the issue of whether he should be granted additional time on the bar exam because of his disability. *Id.* In doing so, the TRO materially altered Mr. Sinapi's legal relationship with the Board and it vindicated Mr. Sinapi's rights under the ADA by granting him accommodations…." *Id.* The *Sinapi* case is directly on point with plaintiff, Doherty's case here. The *Sinapi* court utilized the same standard that the United States Fifth Circuit Court of Appeals uses to determine whether a party is a prevailing party. See *Grisham v. Fort Worth*, Tex, 837 F.3d. 564, 569 (5th Cir. 2016). The Fifth Circuit held in *Grisham*: that "the 'touchstone' of the prevailing party analysis is whether there has been 'a material alteration of the legal

relationship' between the parties." *Grisham* at 569, quoting *Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, (1989).

The meaning of material altering the legal relationship of the parties has been explained as follows. To modify the parties' legal relationship, the modification must bear the "necessary judicial *imprimatur*" meaning that the "prevailing party" status requires the receipt of some type of judicially sanctioned relief. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 603-606, 121 S.Ct. 1835 (2001). The Fifth Circuit, along with the Third, Ninth and Tenth Circuits have recognized that obtaining a preliminary injunction satisfies the "judicial imprimatur" requirement. *Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir. 2008); *People Against Police Violence v. City of Pittsburgh*, 520 F. 3d 226 (3rd Cir. 2008); *Watson v. City of Riverside*, 300 F. 3d 1092 (9th Cir. 2002); *Kansas Judicial Watch v. Stout*, 653 F.3d 1230 (10th Cir. 2011).

Perhaps the most succinct explanation of what it takes to be a "prevailing party is found in the Fifth Circuit's decision in *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 249 (5th Cir. 2002):

> To qualify as a prevailing party, the plaintiff must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement.

Here, plaintiff's succeeded in obtaining a preliminary injunction ordering defendant to grant her a reasonable accommodation of 50% additional time in taking the Step 2 NBME test. Plaintiff took the test the day after the Court's preliminary injunction with the accommodation ordered by the Court. Prior to

the injunction order, defendant had denied plaintiff's request for the accommodation. Plaintiff's counsel had to spend several hours after they received the Court's preliminary injunction order ensuring that the order would be followed as defendant initially contended that they would be unable to make the accommodation in time for plaintiff's exam which was scheduled for the very next day.

**THE LODESTAR FEE ANALYSIS**

It is well settled that in determining the amount of attorney's fees, the court should determine a "lodestar" amount, which is basically a reasonable hourly rate times the time spent by the attorney. The Court then decides whether to increase this amount based on factors such as exceptional results obtained and the risks entailed in contingency fee representation. *Hensley v. Eckart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed.2 40 (1983). The United States Supreme Court has identified the factors relevant in awarding attorney's fees, which include counsel's efforts and skills, experience and reputation; time spent on the case, amount involved and results obtained, novelty and difficulty of the case, time limitations, delay in payment and contingent nature of representation. *Id.* See also *Johnson v. Georgia Highway Exp. Inc.,* 488 F.2d 714, 716 (5th Cir. 1974). The frame-work for computing a reasonable fee was set forth in *Lindy Brothers Builders, Inc., v. American Radiator & Standard Sanitary Corp.*, 497, F.2d 161 (3rd Cir. 1973). Under *Lindy*, the court multiplies the number of hours reasonably worked by a reasonable hourly rate to arrive at a base hourly amount "the lodestar of the court's fee determination." *Lindy, supra* 497 F.2d 168. This base hourly recovery may then be

supplemented by a "multiplier" or adjustment to reflect such factors as exceptional results, quality of representation, contingency fee involvement, delay of receipt of fees, etc. *Hensley, supra.*

**The lodestar amount**

Plaintiff signed a contingency fee contract with undersigned counsel which provides that if counsel obtain testing accommodations for plaintiff then counsel would be entitled to fees at the rate of $400.00 for William McGoey and $300.00 for Frances Olivier's time. (Exhibit 2). Plaintiff's counsel have spent a combined total of 151.9 hours prosecuting plaintiff's claims, which plaintiff prevailed upon. (Exhibit 2). Plaintiff submits that the lodestar amount of attorney's fees award should be **$51,600.00** ($27,480.00 + $24,120.00 = $51,600.00). This amount is based on the fact that William McGoey spent 60.3 hours at a suggested lodestar, hourly rate of $400 an hour and Fran Olivier spent 91.6 hours at a suggested lodestar rate of $300.00 an hour. Plaintiff's counsel have attached itemized EXCEL spread sheets listing the time spent and tasks performed on this case. (Exhibits 1, 3, 4 & 5). These computerized lists were generated from the time sheets prepared by counsel throughout the litigation. (Exhibits 3 & 5)

Undersigned counsel, William M. McGoey, has practiced primarily in the area of employment law for most of his 34 years of practice and has been recognized in jurisprudence for his reputation in handling employment and discrimination matters. See *Jiminez v. Paw-Paw's Camper City, Inc.* 2002 U.S. Dist. LEXIS 3248 at page 26 of 31 and Exhibit 1. From 1989 until 2005, he spent the majority of his time handling employment discrimination litigation. *Id.* In 2005 (post-Katrina) he diversified his practice to include trucking litigation. *Id.* In 2010, he became St. Bernard Parish

Government's in-house Legal Counsel (Parish Attorney), which transitioned into an Assistant District Attorney position when the Parish eliminated its legal department. As an Assistant D,A., McGoey handles labor and employment matters as well as other civil and criminal prosecution responsibilities. *Id.* He still handles employment and labor matters on a select basis in his limited private practice. *Id.* He is routinely a seminar speaker on employment law issues and has made numerous seminar speeches on employment law for such organizations as the American Bar Association (National Conference), the Louisiana State Bar Association, the Federal Bar Association, the New Orleans Bar Association, LSU's Law Center, Loyola's Law School, the 34th JDC Bar Association, The Defense Research Institute (National Conference), Council on Education and Management, and Lormann Business Center. *Id.*

Additionally, McGoey has been nominated by his peers and listed in the Labor and Employment Law sections of such publications as Best Lawyers in America, Louisiana Super Lawyers, Chambers USA America's Leading Business Lawyers, and Corporate Counsel' Annual Guide to Labor and Employment Law Top Lawyers 2001-2002. *Id.* Lawyers practicing in this area of law with similar years of experience charge over $400.00 an hour or more in the New Orleans area. *Id.* Accordingly, $400.00 an hour is a reasonable rate for an attorney who has practiced for 34 years in the labor and employment law.

The amount of fee awards rendered in similar cases- a *Johnson* factor- also supports the use of $400.00 an hour as the lodestar rate for undersigned's time. In *McGee v. Tregre*, 2019 U.S. Dist LEXIS 94249; 2019 WL 3308324 (2/11/19 U.S. E.D. La.), the Eastern District approved $375.00 an hour for an attorney that had 41 years of

experience. In *Hubert v. Curren,* 2018 U.S. Dist. LEXIS 176616, 2018 WL 4963595 (E.D. La. 10/15/2018), the Eastern District approved $300.00 an hour for an attorney with 17 years of experience. See also *Sanchez vi Pizzati Enters.*, 2018 U.S. Dist. LEXIS 139277, 2018 WL 3954866 at *4 (E.D. La. 8/16/2018) [$325.00 an hour held reasonable for an attorney with 15 years of labor and employment experience.]

Fran Olivier's experience justifies a $300.00 an hour rate. Olivier has practiced for more than 32 years. (Exhibit 4) She is a Yale graduate who obtained her Law Degree in 1986 from Tulane. She began her practice with the New Orleans District Attorney's office, where she handled approximately 150 trials, which included a significant amount of felony jury trials. *Id.* Thereafter, she practiced in the insurance defense field and ultimately was Boyd Gaming's General Counsel for the Treasure Chest Casino, where she handled labor and employment matters as well as all legal matters for the company. *Id.* She was on the Executive Committee and hired and directed outside counsel. *Id.* Thereafter, she began a private practice handling personal injury and labor and employment matters, including claims under the ADA. *Id.* Certainly, $300.00 an hour is a reasonable lodestar rate for Olivier, given that she has been handling labor and employment matters for at least 15 years and has more than 32 years of trial experience.

The lodestar hourly rates for McGoey and Olivier are also supported by the results obtained and the time limitations involved here. Plaintiff prevailed in a difficult ADA reasonable accommodation testing case that had to be filed and litigated under an extremely tight schedule (three weeks). *Johnson, supra.*

**The multiplier**

Plaintiff suggests that the court exercise its discretion to apply a ten percent multiplier to the $51,600.00 lodestar amount, thereby increasing the total fee to **$56,760.00**. As noted above, the Court has the discretion to increase the lodestar amount by a "multiplier" or adjustment to reflect such factors as exceptional results, quality of representation, contingency fee involvement, delay of receipt of fees, etc. *Hensley, supra*. Plaintiff's counsel achieved an excellent result on a contingency fee basis and counsel took this case understanding that there may be a significant delay in obtaining the fees. Plaintiff's counsel took this case understanding that plaintiff may not be able to pay any fee to counsel until after she finished her medical education and began practicing as a full-time doctor. It should be noted that the Fifth Circuit has held that a multiplier is only justified "in the rare case where the fee applicant offers specific evidence to show the quality of service was superior to that one should reasonably expect in light of the hourly rates charged and that the success was "exceptional." *Abrams v. Baylor College of Medicine,* 805 F.2d 528 (5th Cir. 1986).

## CONCLUSION

Thus, plaintiff contends that the Court should use a multiplier and render an attorney's fee award of **$56,760.00**. Alternatively, if the Court concludes that it should not use a multiplier, then the fee award should be the lodestar amount of **$51,600.00**. Further, out of an abundance of caution, plaintiff requests that the Court order that plaintiff be awarded costs in an amount fixed by the Clerk of Court pursuant to Local Rule 54.3 and 54.3.1.

Respectfully submitted,

_____
WILLIAM MARTIN MCGOEY, Esq., LSBA #14205
1828 Rose Street
Arabi, Louisiana 70032
Telephone: 504-250-3293
bmcgolaw@yahoo.com

FRANCES M. OLIVIER, ESQ. LSBA No. 17895
2341 Metairie Road
Metairie, Louisiana 70001
Telephone: 504-483-6334; Fax: 504-483-6344
folivier@olivierlawfim.com

Attorneys for Plaintiff Meaghan Doherty

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been forwarded to all parties of record via email and U.S. First Class mail postage prepaid and properly addressed on August 15, 2019.

_____