# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEAGHAN DOHERTY,** | ) |
| **Plaintiff,** | ) Civil Action No. 19-11790 |
| v. | ) Judge: The Hon. Greg G. Guidry |
| **NATIONAL BOARD OF MEDICAL EXAMINERS,** | ) **UNDER SEAL** |
| **Defendant.** | ) |

## MEMORANDUM IN SUPPORT OF THE
## NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant National Board of Medical Examiners ("NBME") hereby moves to dismiss this action for failure to state a claim.

## PROCEDURAL HISTORY

Under Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court." No complaint has been filed in this action. Instead, this action was initiated on July 22, 2019, by the filing of a document captioned "Plaintiff's Application for Temporary Restraining Order with Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue." (ECF 1) ("Plaintiff's Application"). NBME was served with a Summons and a copy of Plaintiff's Application on July 30, 2019. On July 26, 2019, the Court denied Plaintiff's request for Temporary Restraining Order. (ECF 6). On August 5, 2019, however, the Court entered a preliminary injunction in Plaintiff's favor. (ECF 20). On August 14, 2019, Plaintiff filed a Motion for Attorneys' Fees, even though no final judgment has been entered and an appeal is pending from the preliminary injunction. (ECF 23).

Plaintiff's Application is not a complaint and should be dismissed for that reason. *See* Fed. R. Civ. P. 3.  If it nonetheless treated as a complaint, the Application fails to state a claim and should be dismissed on that basis.

## NATURE OF THE CASE

Plaintiff Meghan Doherty is in her fourth and final year of medical school.  She claims that she is entitled to extra testing time and other accommodations on Step 2 CK of the United States Medical Licensing Examination ("USMLE") because she has been diagnosed with a Learning Disability with Impairment in Reading, Attention Deficit Hyperactivity Disorder ("ADHD"), and Generalized Anxiety Disorder. Pl.'s App. at ¶ 8.

## BACKGROUND

### I.     NBME and the USMLE

NBME is a non-profit organization.  In conjunction with the Federation of State Medical Boards, another non-profit entity, NBME sponsors the USMLE program.  Jurisdictions across the country rely upon the USMLE as part of their licensure process for ensuring the qualifications of prospective physicians.

Three "Step" exams make up the USMLE, taken at different times in an individual's graduate medical education process:  Step 1, Step 2 (consisting of the Step 2 Clinical Knowledge exam (Step 2 CK) and the Step 2 Clinical Skills exam (Step 2 CS)), and Step 3.  This case concerns Step 2 CK.

The USMLE Step exams are standardized exams.  With limited exceptions, all examinees take the USMLE exams under the same testing conditions, including standard testing time.  The primary exception is for individuals who are disabled within the meaning of the ADA.

NBME conscientiously evaluates each accommodation request. It does so to ensure that "individuals with *bona fide* disabilities receive accommodations, and that those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage when taking the ... examination." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88-89 (2d Cir. 2004).

## II.   Ms. Doherty's Current Status in Medical School

Ms. Doherty is in her fourth year of medical school. Her school requires students to pass the Step 2 CK exam by April of their fourth year, but students can obtain a leave of absence for up to 24 months within which to pass Step 2 CK. Ms. Doherty thus has until April 2022 to pass the Step 2 CK exam. She was in no danger of being dismissed from medical school if she did not take the Step 2 CK exam at any point in 2019, much less by the arbitrary August 6, 2019 date that she claimed as the date by which she must take the test.

## ARGUMENT

## I.   PLAINTIFF'S APPLICATION FAILS TO STATE A CLAIM

### A.  Pleading Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this requirement does not necessitate "detailed factual allegations," it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

To satisfy Rule 8 and overcome a motion to dismiss under Rule 12(b)(6), a party must state a claim for relief that "allows the court to draw the reasonable inference that the defendant is liable…." *Id.* (citation omitted).  Such an inference cannot be drawn based on the pleading of facts suggesting "a sheer possibility that a defendant has acted unlawfully."  *Id.* (citation and internal quotation marks omitted).

"Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp*., 632 F.3d 148, 152–53 (5th Cir.2010).  The Court does not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### B. Ms. Doherty Has Failed To Plead A Claim For Disability Discrimination

Ms. Doherty purports to assert a claim against NBME for disability discrimination under the Americans with Disabilities Act ("ADA").  Pl.'s App. ¶¶ 1, 61-62 (ECF 1).  To assert such a claim, she must allege facts sufficient to show (among other things) that she is disabled within the meaning of the ADA and thus covered by the statute. *See Griffin v. United Parcel Serv*., 661 F.3d 216, 222 (5th Cir.2011).  She has not done so.

#### 1. Disability Under the ADA:  Substantial Limitation in One or More Major Life Activities, as Compared to Most People in the General Population.

NBME is subject to a specific provision of Title III of the ADA, 42 U.S.C. § 12189, which provides in relevant part as follows:

> Any person that offers examinations or courses relating to applications, licensing, certifications, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative arrangements for such individuals.

42 U.S.C. § 12189.  Thus, the ADA requires NBME to offer the USMLE in a place and manner that is accessible to individuals with disabilities.

"Merely having an impairment ... does not make one disabled for purposes of the ADA." *E.E.O.C. v. Chevron Phillips Chemical Co.*, 570 F.3d 606, 614 (5th Cir. 2009).  An individual is disabled within the meaning of the ADA if he or she has "a physical or mental impairment that substantially limits one or more major life activities ...." 42 U.S.C. § 12102(1)(A).  In the ADA Amendments Act of 2008 ("ADAAA"), Congress noted that the statute should be construed to provide "broad coverage." 42 U.S.C. § 12102(4)(A).  Nevertheless, an individual pursuing a claim of disability discrimination must still allege and prove that she is, in fact, disabled within the meaning of the statute.  *See* 42 U.S.C. § 12102(4)(A); *see also, e.g., Neely v. PSEG Texas, LP*, 735 F.3d 242, 245 (5th Cir. 2013) ("Although the text of the ADAAA expresses Congress's intention to broaden the definition and coverage of the term 'disability,' it in no way eliminated the term from the ADA or the need to prove a disability on a claim of disability discrimination."); *see also Mann v. Louisiana High Sch. Athletic Assoc.*, 535 Fed. Appx. 405, 410 (5th Cir. 2013) ("Although the ADA Amendments Act of 2008 lowered the standard that plaintiffs must meet to show that they are disabled, ... a plaintiff must still show substantial limitation....").

"An impairment is a disability ... if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.  An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity to be considered substantially limiting.  Nonetheless, not every impairment will constitute a disability ...." 28 C.F.R. § 36.105(d)(1)(v).

2.  **Ms. Doherty Has Not Identified the Major Life Activities in Which She Purports to be Substantially Limited or Alleged that She is Substantially Limited as Compared to Most People in the General Population**.

Plaintiff's Application alleges that Ms. Doherty has been diagnosed with a Learning Disability with Impairment in Reading, Attention Deficit Hyperactivity Disorder ("ADHD"), and a Generalized Anxiety Disorder. *Id.* ¶ 8. It states that "[u]nder the definition of 'disability' the statute specifies that a 'major life activity' (among other things) [sic] the activities of 'learning, *reading*, *concentrating*, *thinking*, *communicating*, and working.'" *Id.* ¶ 33 (original emphasis). It then asserts that her doctors have determined that she is "substantially limited in one or more major life activities within the meaning of the ADA," *id.* ¶ 61(b)(i); and that NBME has "denied" that she is "not 'currently substantially limited' in the major life activities of learning, reading, concentrating or thinking -- all major life activities specified in the text of the ADA and implementing regulations...." *Id.* ¶ 61(c)(ii). What Plaintiff's Application does not do, however, is identify the major life activity (or activities) in which Ms. Doherty claims to be substantially limited that are relevant when taking the USMLE or allege that she is substantially limited in her ability to perform any such activitiy(ies) as compared to most people in the general population.

Ms. Doherty has thus failed to plead a claim for violation of the ADA. *See Mora v. Univ. of Texas Southwestern Med. Ctr.*, 469 Fed. Appx. 295, 297 (5th Cir. 2012) ("Although Mora alleged that she is an alcoholic and recited that her alcoholism impairs a major life activity, she did not specify which of her 'life activities' is substantially limited.  This is fatal to stating a valid claim for relief."); *Hale v. King*, 642 F.3d 492, 501 (5th Cir. 2011) ("Absent allegations that Hale's ailments substantially limited him in the performance of a major life activity, Hale has failed to state a claim for relief under subsection A of the ADA's definition of disability.") (citation omitted) (per curiam); *Dark v. Potter*, 293 Fed. Appx. 254, 258-59 (5th Cir. 2008)

(affirming dismissal of complaint where plaintiff "does not state the nature of her disability or its imposed limitations on her life").

- 8 -

## CONCLUSION

Ms. Doherty's "Application" should be dismissed for failure to state a claim.

Dated: August 20, 2019

Respectfully submitted,

/s/   Robert A. Burgoyne
Robert A. Burgoyne
(admitted pro hac vice)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, D.C.  20005-3960
Phone:  202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant NBME

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Memorandum in Support of Motion to Dismiss on all counsel of record by email on this 20th day of August 2019.

/s/ Robert A. Burgoyne