UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MEAGHAN DOHERTY | * | CIVIL ACTION NO. 19-11790 |
| | * | |
| VERSUS | * | JUDGE: (T) GUIDRY |
| | * | |
| NATIONAL BOARD OF | * | MAGISTRATE: (5) NORTH |
| MEDICAL EXAMINERS | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * *

UNDER SEAL

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
RULE 60(a) MOTION TO CLARIFY ORDER OF AUGUST 5, 2019**

MAY IT PLEASE THE COURT:

Plaintiff, Meaghan Doherty, respectfully submits this memorandum in support of her Rule 60(a) Motion to Clarify the Order of August 5, 2019, in which she moves this Honorable Court to clarify its Order of August 5, 2019, specifically, to indicate whether Defendant, National Board of Medical Examiners (NBME) must provide Plaintiff with her Step 2 CK test scores by email on August 30, 2019 by 4:00 p.m. Central Standard Time, for the reasons more fully stated below:

Applicability of Rule 60

Fed. R. Civ. P. 60(a)[1] provides that prior to a case being "docketed in the appellate court" a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever

---

[1] Fed. R. Civ. P. 60(a) states in full: (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

1

one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

Defendant, NBME, has filed a notice of appeal with the Fifth Circuit Court of Appeal and requested a transcript of the hearing of August 1, 2019; however, NBME has taken no further steps in the appeal and the matter has not been "docketed in the appellate court" for the purposes of Rule 60(a).

## Events Following Issuance of Order of August 5, 2019

On Monday, August 5, 2019, this Honorable Court issued an order granting Plaintiff a preliminary injunction ordering NBME to provide her with testing accommodations of extra time (x1.5), pursuant to the Americans with Disabilities Act of 1990 and the ADA Amendments Act of 2008 for a test scheduled for Tuesday, August 6, 2019.

The Court issued its order at 11:55 a.m. CST. (Ex. A, p. 1) Plaintiff's counsel attempted for two hours (by email and phone) to contact Defendant NBME to work out the logistics take the test the next day at the Metairie, LA testing center. Plaintiff got no response from NBME by email, fax, or phone until fifteen minutes after Plaintiff had NBME personally served with a copy of the Court's order at the NBME national headquarters in Philadelphia, PA, the C.T. Corporation (NBME's agent for service of process) in Washington, D.C., as well as NBME's counsel in Washington, D.C. Specifically, Defense counsel was served at 2:13 CST (Ex. A, p. 8); at 2:25pm CST Defense counsel first responded to Plaintiff's counsel email. (Ex. A, p. 10)

Once contact was actually made, NBME stated there was no way for Plaintiff to take the test on Tuesday, August 6 as ordered, that it was logistically impossible. Defendant offered Plaintiff the dates of August 22-August 23, 2019 to take the test as the soonest dates that NBME could provide a test with accommodations. (Ex. A, p. 10) Among other reasons, NBME stated

that the Step 2 CK Exam with accommodations was a two-day test, not a one-day test, and that Plaintiff had only reserved a spot at the testing center for one day.

At 2:00 p.m. CST, Monday, August 5, 2019, Plaintiff's counsel had the General Manager of the Metairie Testing Center personally served with a copy of this Honorable Court's Order for testing accommodations. The General Manager stated that he would be able to comply with the order, that all he needed was for NBME to provide Plaintiff with the correct "testing code" that would allow Plaintiff to download the Step 2 CK Exam with extra time accommodations of (x1.5). He also stated he could easily provide Plaintiff with a place and computer to take the test on the second day with no inconvenience to the testing center.

Only when this information from the testing center was provided to NBME did NBME then agree to provide the appropriate "testing code" to Plaintiff, which was in fact provided to her by email by 4:31 p.m. on Monday, August 5, 2019. (Ex. A, p. 19) On Tuesday, August 6, 2019 and Wednesday, August 7, 2019, Plaintiff took the Step 2 CK Exam with testing accommodations of extra time (x1.5).

### Request for Order to NBME to Provide Plaintiff with Her Test Score

In her original request for preliminary injunction, Plaintiff offered a proposed order requiring the NBME to provide her with the results of her test scores by email on Friday, August 30, 2019 by 4:00 p.m. Central Standard Time. She proposed this reporting requirement in order to ensure that she had the Step 2 score results in a timely fashion to immediately launch her Residency Program applications on September 1, 2019. This was to ensure that her scores were entered into the ERAS system so that they would be sent o the various Residency Programs bearing the September 15, 2019 "date stamp."

At the hearing on the preliminary injunctions, Plaintiff testified, and this Court found, that Ms. Doherty had to overcome the abysmally low score she received on the Step 1 Exam due to NBME denying her request for testing accommodations. The only chance she has of securing a Residency placement is to immediately launch her application at the earliest possible time (September 15, 2019). This was the basis for her request for an order requiring NBME to provide her with her Step 2 Exam result by August 30, 2019. This was especially so as NBME's website stated that those taking the Step 2 Exam between July 1-August 8, 2019 faced the prospect of an extended period before which the test results would be available due to technical problems at NBME. Plaintiff could not afford any more delays due to NBME's problems.

The Order of August 5, 2019 did not include a reference to a test score reporting requirement by NBME, which undersigned believes was an inadvertent omission, due to the short time frame that Court was faced with in this matter. For this reason, and for the reasons more fully established at the hearing, Plaintiff respectfully requests this Honorable Court clarify its Order to state whether or not NBME must report Plaintiff's test scores to her by email on August 30, 2019 at 4:00 p.m. CST.

**WHEREFORE**, Plaintiff prays that this Honorable Court clarify the Order of August 5, 2019 to include the requirement that Defendant NBME must report Plaintiff's Step 2 CK Exam test score to her by email on August 30, 2019 by 4:00 p.m. CST.

Respectfully submitted,

WILLIAM MARTIN MCGOEY, Esq., LSBA #14205
1828 Rose Street
Arabi, Louisiana 70032
Telephone: 504-250-3293
bmcgolaw@yahoo.com

4

FRANCES M. OLIVIER, ESQ. LSBA No. 17895
2341 Metairie Road
Metairie, Louisiana 70001
Telephone: 504-483-6334; Fax: 504-483-6344
folivier@olivierlawfim.com

**Attorneys for Plaintiff Meaghan Doherty**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been forwarded to all parties of record via the Electronic E-mail, U.S. Mail, and or/or the Court's ECF system when not under protective seal, on August 23, 2019.

WILLIAM M. McGOEY