# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEAGHAN DOHERTY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11790** |
| **NATIONAL BOARD OF MEDICAL EXAMINERS** | **SECTION: T** |

## ORDER

    Before the Court are the following: (1) Motion to Clarify and, If Necessary, for a Stay Pending Appeal filed by Defendant National Board of Medical Examiners ("NBME");[1] (2) Defendant NBME's Motion to Expedite Consideration of its Motion to Clarify and, If Necesssary, for a Stay Pending Appeal;[2] (3) Plaintiff Meghan Doherty's response/memorandum in opposition to Defendant's Motion to Clarify and, If Necessary, for a Stay Pending Appeal;[3] (4) Plaintiff's Motion to Clarify Order of August 5, 2019;[4] and (5) Plaintiff's Motion for Expedited Consideration of her Motion to Clarify Order of August 5, 2019.[5]

    **IT IS ORDERED** that the Defendant's Motion to Clarify and, If Necessary, for a Stay Pending Appeal[6] is hereby DENIED for the following reasons. Defendant NBME states that it has complied fully with the Court's Order of August 5, 2019,[7] by permitting Plaintiff to take the Step 2 CK Examination on August 6 and 7, 2019, with extra testing time. However, Defendant now asks the Court to clarify whether it also intended to order Defendant to release Plaintiff's score on the Step 2 CK Examination in ordinary course, which is expected to be released to

---

[1] R. Doc. 30.
[2] R. Doc. 31.
[3] R. Doc. 32.
[4] R. Doc. 33.
[5] R. Doc. 35.
[6] R. Doc. 30.
[7] R. Doc. 20.

1

Plaintiff on or before September 4, 2019, as well as to the Electronic Residency Application Service ("ERAS") and other third parties thereafter at the request of Plaintiff. Otherwise, Defendant suggests that it has already fully complied with the Court's order and need not release Plaintiff's score to her or anyone she may in future authorize to receive it.

This Court finds the premise of Defendant's Motion to Clarify to be rather disingenuous, because the Court in its Order of August 5, 2019, specifically found that Plaintiff had demonstrated through uncontroverted evidence and testimony the irreparable harm she would suffer if she were not allowed to take the Step 2 CK Examination with accommodations on August 6, 2019. The Court found *inter alia* that, if Plaintiff were to take the exam any later than August 6, 2019, she would be at an irreparable disadvantage in securing residency interviews and obtaining a match, and she would incur a permanent blemish on her academic record, which could not be removed.[8] Plaintiff explained at length during her testimony[9] the importance of participating in the residency matching program at the earliest opportunity, that is, when ERAS begins sending out assembled applications and accompanying documents, including USMLE transcripts, to residency programs starting on or about September 15, 2019. Plaintiff testified in detail regarding the harm and disadvantages she would suffer if she were not permitted to take the examination, with accommodations, in enough time to participate in the earliest round of the residency application process. Defendant NBME has not demonstrated any basis for disturbing the Court's previous finding of irreparable harm, which harm would in effect be virtually certain to occur if the Court were to grant Defendant's motion to clarify in the manner sought by Defendant, or alternatively to grant Defendant's motion for a stay pending appeal.

---

[8] R. Doc. 20, p. 8.
[9] R. Doc. 34.

Furthermore, the Court does not believe clarification of its order is necessary because that order obviously requires that Plaintiff's test score must be released in the same manner and at the same time as those of all other examinees taking the Step 2 CK Examination on or about August 6 and 7, 2019. It is the Court's view that the Defendant would be in violation of the Order of August 5, 2019, if it does otherwise. Accordingly, Defendant's Motion to Clarify and, If Necessary, for a Stay Pending Appeal is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Expedite Consideration of the Motion to Clarify and, If Necessary, for a Stay Pending Appeal[10] is DENIED as MOOT.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify the Order of August 5, 2019,[11] is hereby DENIED for the following reasons. Essentially, Plaintiff contends the score should be released to her by email by 4:00 p.m. on August 30, 2019, on the basis there was a posting by the NBME on its website that there could be delays in the posting of scores of examinees taking the examination between July 1, 2019, and August 8, 2019. However, Plaintiff has not demonstrated that release of her score to her any earlier than in ordinary course, that is, on or before September 4, 2019, as indicated by Defendant in its Motion to Clarify, would be necessary to prevent any irreparable harm. Accordingly, Plaintiff's Motion to Clarify is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Consideration of her Motion to Clarify[12] is DENIED as MOOT.

**New Orleans, Louisiana**, on this 27th day of August, 2019.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. 31.
[11] R. Doc. 33.
[12] R. Doc. 35.