IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEAGHAN DOHERTY,** | ) |
| Plaintiff, | ) Civil Action No. 19-11790 |
| v. | ) Judge:  The Hon. Greg G. Guidry |
| **NATIONAL BOARD OF MEDICAL EXAMINERS,** | ) <u>**UNDER SEAL**</u> |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Meghan Doherty filed a Motion for Attorney's Fees on August 14, 2019, requesting that she be awarded $56,760 in attorneys' fees. She also requested an award of costs in her Motion and submitted a separate Bill of Costs seeking $1,781.60 in costs. The fee request was based upon 42 U.S.C. § 12205, which allows a "prevailing party" to recover "a reasonable attorney's fee" in cases under the Americans with Disabilities Act. *See* Memorandum in Support of Motion for Attorney's Fees at 1. The cost request was made under Fed. R. Civ. P. 54, which authorizes costs to be awarded to "the prevailing party." Fed. R. Civ. P. 54(d)(1). *See* Motion at 1 n.1.

Plaintiff's Motion should be denied because she is not a prevailing party. This case has only recently been filed and remains pending on the Court's docket. The Court entered a preliminary injunction in Plaintiff's favor, but Defendant has appealed that preliminary injunction and it has been stayed by the U.S. Court of Appeals for the Fifth Circuit. *See* Order, *Sealed Appellee v. Sealed Appellant*, No. 19-30661 (5th Cir. Sept. 3, 2019).

27740597.1

Because the preliminary injunction has already been stayed and may be overturned on appeal, Plaintiff is not entitled to an award of fees or costs based upon the preliminary injunction. Moreover, if the case continues, NBME might ultimately prevail on the merits. In short, Plaintiff's Motion for an award of fees and costs is premature and should be denied. *See, e.g.*, *Sole v. Wyner*, 551 U.S. 74, 78, 83 (2007) ("A plaintiff who achieves a transient victory at the threshold of an action can gain no award under that fee-shifting provision if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded.... Prevailing party status, we hold, does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case.").

Defendant also opposes the fee request based upon the unreasonableness of the amount requested, but it reserves this and all other objections it might have to the Plaintiff's Motion for fees and costs given the hypothetical and premature nature of the Motion.

Dated:  September 10, 2019                    Respectfully submitted,


/s/   Robert A. Burgoyne
Robert A. Burgoyne
(admitted pro hac vice)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, D.C.  20005-3960
Phone:  202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant NBME

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing document on all counsel of record by email on this 10th day of September 2019.

/s/ Robert A. Burgoyne