# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEAGHAN DOHERTY,** ) | |
| ) | |
| Plaintiff, ) | **Civil Action No. 19-11790** |
| ) | |
| v. ) | **Judge:  The Hon. Greg G. Guidry** |
| ) | |
| **NATIONAL BOARD OF MEDICAL** ) | |
| **EXAMINERS,** ) | |
| ) | |
| Defendant. ) | |

## STATUS REPORT

The National Board of Medical Examiners ("NBME") hereby provides an updated status report to the Court, in follow-up to the status report that NBME sent to Chambers on December 9, 2019.  NBME respectfully submits that the recent events described in this report moot the Plaintiffs' claims and warrant dismissal of her complaint.  If Plaintiff agrees, the Court can dismiss the complaint for lack of subject matter jurisdiction or, alternatively, the parties can jointly stipulate to dismissal.  If Plaintiff disagrees, NBME requests that the Court schedule a telephonic status conference to discuss this issue and next steps in the litigation.

## PROCEDURAL HISTORY

Plaintiff Meghan Doherty initiated this lawsuit on July 22, 2019 by filing an Application for Temporary Restraining Order with Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Application").  Dkt. No. 1.  Ms. Doherty alleged that NBME had violated the Americans with Disabilities Act ("ADA") by denying her request for extra testing time and other accommodations on the Step 2 Clinical Knowledge component ("Step 2 CK") of the United States Medical Licensing Examination ("USMLE").  According to

Ms. Doherty, she needed and was entitled to such accommodations because she has been diagnosed with a Learning Disability with Impairment in Reading, Attention Deficit Hyperactivity Disorder ("ADHD"), and Generalized Anxiety Disorder.

On August 5, 2019, the Court granted Ms. Doherty's Application for a mandatory injunction and ordered NBME to provide her with 50% extra testing time. Dkt. No. 20. NBME complied with the Court's order, changing Ms. Doherty's test registration from a one- to two-day test administration and authorizing her to test with 50% extra testing time. Ms. Doherty took the Step 2 CK exam on August 6 and 7, 2019 with the additional testing time awarded by the Court.

NBME appealed the Court's preliminary injunction to the U.S. Court of Appeals for the Fifth Circuit. NBME also moved for a stay of the injunction, which the Court of Appeals granted on September 3, 2019. *See* Dkt. No. 38. The stay was entered before Ms. Doherty received her score from the Step 2 CK exam that she took with accommodations.

On November 7, 2019, the Court of Appeals vacated the Court's Preliminary Injunction and remanded for further proceedings in accordance with its opinion. *See* Dkt. No. 48. The Court of Appeals held that Ms. Doherty had not shown that she is disabled within the meaning of the ADA and thus had not shown that there was a substantial likelihood that she will succeed on the merits of her ADA claim. *Doherty v. NBME*, 2019 WL 5855779, *2-3 (5th Cir. 2019).

## POST-APPEAL EVENTS

Ms. Doherty re-took the Step 2 CK exam under standard conditions on December 20, 2019, testing in a single day with no extra time or other accommodations. She achieved a score well in excess of the current minimum passing score of 209. Her score on the December 20 administration was also higher than the score she achieved when she took the Step 2 CK exam in August 2019 with extra testing time.

Examinees testing with standard time have one hour to complete each of the eight multiple-choice testing blocks that make up the Step 2 CK exam. In achieving her most recent score, Ms Doherty did not use the full hour that was available to her on any of the eight testing blocks. She completed Block 5 with more than 12 minutes of unused time and Blocks 1, 4 and 6 with more than 7 minutes of unused time, with lesser amounts of unused time on each of the other four blocks. Thus, far from needing extra testing time, Ms. Doherty did well on the Step 2 CK exam without using the full amount of the standard testing time that is available to examinees. Her performance on the exam, with no accommodations, is not surprising. It is consistent with the excellent scores she achieved on the Medical College Admission Test and the ACT and SAT college admissions tests, with no accommodations, and the excellent grades she achieved over the course of her educational history, with no accommodations prior to medical school. *See* Dkt. No. 17 at 5-6 (8/5/19).

## SUGGESTION OF MOOTNESS

Ms. Doherty's claim arises under Title III of the ADA. *See* Application ¶ 1 (Dkt. No. 1). The only relief available under Title III of the ADA is prospective injunctive relief to prevent future acts of discrimination. *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85-86 (2d Cir. 2004); *Smith v. Ochsner Medical Center-Westbank, L.L.C.*, No. 17-11898, 2019 WL 296860, *5 (E.D. La. Jan. 23, 2019) ("Title III allows a plaintiff to sue for injunctive relief, but it does not provide for money damages.").

Ms. Doherty no longer needs or has any basis for requesting injunctive relief relating to the Step 2 CK exam. She now has a Step 2 CK score whose validity is not contested. She cannot take the Step 2 CK exam again even if she were inclined to do so, because USMLE

policy prohibits candidates from retaking a Step exam that they have already passed (with limited exceptions not applicable here). *See* https://www.usmle.org/bulletin/eligibility/#Retakes.

These facts compel dismissal of Ms. Doherty's complaint. Even if she could overcome the Fifth Circuit's adverse findings and her subsequent performance on the Step 2 CK exam without accommodations, her complaint cannot proceed because the parties no longer have a live controversy with respect to whether she is entitled to accommodations on the Step 2 CK exam. *See Barr v. Nat'l Conf. of Bar Exam'rs*, 1999 WL 3175471999, *3 (10th Cir. 1999) ("As a matter of law, Barr's claims for injunctive and declaratory relief were moot once he passed the MPRE, the exam for which he requested the injunctive and declaratory relief. It would be absurd for a court to order NCBE to grant Barr's accommodation request for the MPRE once he passed the exam."); *Christian v. N.Y. Bd. of Law Exam'rs*, 899 F. Supp. 1254, 1255 (S.D.N.Y. 1995) ("Plaintiff succeeded on the [bar] examination and therefore I conclude that as a matter of law there is no longer any case or controversy remaining. While one might not—or need not—go so far as to say that plaintiff's passing the exam demonstrated that the Board was correct in its assessment of the severity of her disabilities, it is certainly so that one could not, hereafter, permit a finding by a trier of the fact that the Board was wrong....") (dismissing ADA claims); *cf. Flaming v. Alvin Community College*, 777 Fed. Appx. 771 (5th Cir. 2019) ("Because Flaming was no longer a student following his graduation, he no longer had an interest in a court's declaring any right to accommodations."); *Penderson v. La. State Univ.*, 213 F.3d 858, 874-75 (5th Cir. 2000) (finding Title IX injunctive relief claims mooted by student's graduation).

## CONCLUSION

The only relief available to Ms. Doherty in this ADA Title III case is injunctive relief. Because Ms. Doherty has passed the Step 2 CK exam and now has a Step 2 CK score whose validity is uncontested, she no longer needs or has any basis for requesting injunctive relief. Her claim is moot and should be dismissed.

Dated:  January 17, 2020

Respectfully submitted,

/s/   Robert A. Burgoyne
Robert A. Burgoyne
(admitted pro hac vice)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, D.C.  20005-3960
Phone:  202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant NBME

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that, on January 17, 2020, I served the foregoing Status Report on Plaintiff's counsel of record by email and by electronically filing the document on the Court's ECF System, which will make a copy of the document available to all registered users on the docket for this case.

/s/ Robert A. Burgoyne