UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MEAGHAN DOHERTY** | * | CIVIL ACTION NO. 2:19-cv-11790 |
| | * | |
| **VERSUS** | * | JUDGE GUIDRY |
| | * | |
| **NATIONAL BOARD OF** | * | MAGISTRATE JUDGE NORTH |
| **MEDICAL EXAMINERS** | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**JOINT STATUS REPORT BY ORDER OF THE COURT**

Plaintiff, Meaghan Doherty ("Ms. Doherty") and Defendant National Board of Medical Examiners ("NBME") file the following joint status report.

**I.**    Ms. Doherty contends as follows:

Ms. Doherty may still be entitled to relief under the ADA, however she cannot make this determination until the NBME provides information on her Step 2-CK score from the August 2019 accommodated test, as referenced in its Status Report (Rec. Doc. 49). Ms. Doherty is willing to keep the score confidential and not use the score outside of this action. The NBME also obviously considers this score relevant to the issue of mootness, or it would not have made representations about the accommodated score in its prior Status Report. Asking the NBME to provide the evidence behind these assertions is warranted under the circumstances. The NBME's counsel has informed Ms. Doherty's counsel that NBME will not disclose Ms. Doherty's score to her from the accommodated test administration because it is not a valid score following the Fifth Circuit's ruling on appeal.

1

**II.**     The NBME contends as follows:

Ms. Doherty's complaint asserts a claim against NBME under Title III of the Americans with Disabilities Act, as amended, relating to her request for accommodations on Step 2 CK of the United States Medical Licensing Examination. The only relief available to Ms. Doherty under Title III of the ADA if she were to prevail in this action is injunctive relief to prevent future harm. *Smith v. Ochsner Medical Center-Westbank, L.L.C.*, No. 17-11898, 2019 WL 296860, *5 (E.D. La. Jan. 23, 2019) ("Title III allows a plaintiff to sue for injunctive relief, but it does not provide for money damages."). Ms. Doherty, however, does not face any risk of future harm with respect to the Step 2 CK exam because—having achieved a passing score on that exam—she is not eligible to take the Step 2 CK exam again.

The NBME further contends that because Ms. Doherty will not be taking the Step 2 CK exam again, her claim against NBME is moot and this case should be dismissed without prejudice on that basis for lack of subject matter jurisdiction, with each party to bear its own costs and expenses, including attorneys' fees. *See Barr v. Nat'l Conf. of Bar Exam'rs*, 1999 WL 3175471999, *3 (10th Cir. 1999) ("As a matter of law, Barr's claims for injunctive and declaratory relief were moot once he passed the MPRE, the exam for which he requested the injunctive and declaratory relief. It would be absurd for a court to order NCBE to grant Barr's accommodation request for the MPRE once he passed the exam."); *Christian v. N.Y. Bd. of Law Exam'rs*, 899 F. Supp. 1254, 1255 (S.D.N.Y. 1995) ("Plaintiff succeeded on the [bar] examination and therefore I conclude that as a matter of law there is no longer any case or controversy remaining. While one might not—or need not—go so far as to say that plaintiff's passing the exam demonstrated that the Board was correct in its assessment of the severity of her disabilities, it is certainly so that one could not, hereafter, permit a finding by a trier of the fact that the Board was wrong....")

(dismissing ADA claims); *cf. Flaming v. Alvin Community College*, 777 Fed. Appx. 771 (5th Cir. 2019) ("Because Flaming was no longer a student following his graduation, he no longer had an interest in a court's declaring any right to accommodations.").

Alternatively, NBME would stipulate to a dismissal of the complaint, again with each party to bear its own costs and expenses, including attorneys' fees.

NBME believes that the score Ms. Doherty achieved on her accommodated administration of the Step 2 CK exam is irrelevant to whether her claim is moot. As noted previously, her score on the accommodated exam was lower than the score she achieved on her unaccommodated December 2019 test administration. Therefore, her accommodated score is not a score that she would want to report to residency programs, even if that score were valid (and it is not). Her accommodated Step 2 CK score should have no bearing on whether she wants this litigation to continue or whether there is a basis for that to happen.

Respectfully submitted,

/s/ William Martin McGoey
William Martin Mcgoey, LSBA #14205
1828 Rose Street
Arabi, Louisiana 70032
Telephone: 504-250-3293
bmcgolaw@yahoo.com

Frances M. Olivier, LSBA No. 17895
2341 Metairie Road
Metairie, Louisiana 70001
Telephone: 504-483-6334; Fax: 504-483-6344
folivier@olivierlawfim.com

/s/ Robert A. Burgoyne
Robert A. Burgoyne (*pro hac vice*)
PERKINS COIE LLP
700 13th Street, NW, Suite 800
Washington, D.C. 20005
Telephone: 202-654-1744
rburgoyne@perkinscoie.com

Attorneys for Defendant National Board of
   Medical Examiners

Richard C. Stanley, LSBA No. 8487
Kathryn W. Munson, LSBA No. 35933
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
rcs@stanleyreuter.com
kwm@stanleyreuter.com
Attorneys for Plaintiff Meaghan Doherty

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been forwarded to all parties of record via the Court's ECF system on February 19, 2020.

/s/ William Martin McGoey

4